UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMAL S. MATTHEWS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIBER HOME LOANS, et al.,<br><br>    Defendants. | No. 2:19–cv–2463–KJM–KJN PS<br><br>ORDER REQUIRING OPPOSITION AND RESETTING HEARING<br><br>(ECF No. 3) |

On December 9, 2019, Defendants removed this action from Sacramento Superior Court.[1] (ECF No. 1.) Defendants then moved to dismiss, and set the matter for a hearing on January 16, 2020. (ECF No. 3.)

Pursuant to this Court's Local Rules, Plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date: January 2, 2020. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

motion at oral arguments if opposition to the motion has not been timely filed by that party. . . ."). The Court's docket indicates that Plaintiff, who is proceeding without counsel, failed to file a written opposition or statement of non-opposition to the motion to dismiss.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its

discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

However, given Plaintiff's pro se status, the Court will not issue any sanctions at this point. Instead, the Court will continue the hearing on Defendants' motion to dismiss, and will provide Plaintiff with an additional opportunity to respond to Defendants' motion. Plaintiff is warned that further failure to respond to Defendants' motion will be construed as non–opposition to the motion, which may result in dismissal of the case.

## **ORDER**

IT IS HEREBY ORDERED that:

1. The hearing on Defendants' motion to dismiss (ECF No. 3), which is presently set for January 16, 2020, is CONTINUED to February 13, 2020, at 10:00 a.m., in Courtroom No. 25 before the undersigned;

2. Plaintiff shall file a written opposition to the motion for judgment on the pleadings, or a statement of non-opposition thereto, on or before January 30, 2020. Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that Plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b);

3. Defendants may file a written reply to Plaintiff's opposition, if any, on or before February 6, 2020; and

4. The status conference, currently set for April 16, 2020, is VACATED.

Dated: January 7, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

matt.2463