1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DESMAL S. MATTHEWS,                    No. 2:19–cv–2463–KJM–KJN (PS)

12              Plaintiff,                  ORDER VACATING PREVIOUS ORDER
                                           AND DENYING DEFENDANTS'
13        v.                               MOTION TO DISMISS AS MOOT

14   CALIBER HOME LOANS, et al.,            (ECF Nos. 3, 7)

15              Defendants.

16

17        Plaintiff filed an action in California state court, and on December 9, 2019, Defendant

18   removed to this court. (ECF No. 1.)  On December 16, 2019, Defendant filed a motion to dismiss

19   and set it for a January 16, 2020 hearing.  (ECF No. 3.)  Under the court's local rules, Plaintiff

20   was obligated to file a response at least fourteen days prior to the hearing: January 2, 2020.  See

21   E.D. Cal. L.R. 230(c).  The morning of January 7, the Court reviewed the docket in this case and

22   noted Plaintiff's apparent failure to file an opposition.  (ECF No. 7.)  Given that Plaintiff was pro

23   se, the Court ordered the hearing continued to February 13, 2020.  (Id.)  Later that morning,

24   Defendants submitted a notice that Plaintiff failed to file his opposition.  (See ECF No. 8.)

25   However, unbeknownst to the undersigned or Defendant, Plaintiff filed a first amended complaint

26   at the public counter the day prior—which was not docketed until the Court's order and

27   Defendants' notice had been filed.  (See ECF No. 6.)

28   ///

                                            1

Federal Rule of Civil Procedure 15(a) allows for a complaint to be amended "once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . .").  This amendment as a matter of course renders an original complaint null, thereby mooting Defendants' motion to dismiss.  Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[W]hen a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent."); see also TI, Ltd. v. Grupo Vidanta, 2019 WL 5556127, at *1 (S.D. Cal. Oct. 28, 2019) ("[Defendant's] Motion to Dismiss the Complaint became moot once the Amended Complaint was filed."); Bhatti v. Goldman, No. 2:14-CV-03226-ODW, 2014 WL 5089381, at *1 (C.D. Cal. Oct. 9, 2014) (same); Rector v. Capital One Bank (USA), N.A., 2014 WL 12570878, at *1 (E.D. Cal. May 30, 2014) (same); Krieger v. Atheros Commc'ns, Inc.,2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (same).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's pending motion to dismiss (ECF No. 3) is DENIED WITHOUT PREJUDICE as moot;

2. The Court's previous order continuing the motion to dismiss hearing and ordering a response from Plaintiff (ECF No. 7) is WITHDRAWN; and

3. The hearing (whether for January 16 or February 13) on Defendants' motion to dismiss is VACATED.

Dated:  January 7, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

matt.2463

2