UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMAL S. MATTHEWS,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIBER HOME LOANS., et al.<br><br>        Defendants. | No. 2:19-cv-2463-KJM-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS AND ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF Nos. 13, 16.) |

Plaintiff alleges multiple fraud–type claims under California law concerning his home and residential mortgage.[1] (ECF No. 9.) Defendants have moved dismiss all claims with prejudice, and Plaintiff has moved for a preliminary injunction to halt the upcoming trustee sale. (ECF Nos. 13, 16.) Given the impending deadlines and interconnected nature of these motions, the Court now takes each under submission without oral argument, pursuant to Local Rule 230(g). For the reasons discussed below, the Court recommends:

(I)     The case be dismissed with prejudice, as: (A) "Forgery" is not a civil claim and all fraud claims are time barred; (B) Plaintiff lacks standing under § 2924(a)(6); (C) the complaint fails to state a securities–intermediary claim; (D) the slander of title claim concerns a privileged document; (E) the recession claim is legally deficient; (F) the UCL claim lacks a supporting claim; and (G) the claims for declaratory relief and quiet title fail with the above claims; and

(II)    Plaintiff's motion for a preliminary injunction be denied, as Plaintiff cannot show the likelihood of success on any of his claims.

---

[1] Plaintiff represents himself in this action without the assistance of counsel; thus, this case proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

**Background**[2]

On January 11, 2005, Plaintiff borrowed $385,000 from Paul Financial, LLC, secured by a deed of trust recorded against the Property at 10758 Westerly Dr. in Mather, California. (ECF No. 9 at ¶¶ 7, 9.) The deed listed Plaintiff and his wife as the borrowers and Paul Financial as the lender. (Id. at ¶ 9B; ECF No. 9-1 at pp. 37–38.) In April 2009, a notice of default was recorded, indicating that Plaintiff was approximately $17,000 in arrears on the mortgage. (ECF No. 14 at p. 42.) Plaintiff received a Chapter 7 discharge in 2011, and his two subsequent bankruptcies were dismissed on procedural grounds. (See ECF No. 14 at pp. 46–52; 54–61.)

Between 2011 and 2015, the loan was assigned multiple times, ending with an assignment in December 2015 that named Defendant U.S. Bank as trustee for the "LSF9 Trust" and Caliber Home Loans as the lender. (ECF No. 9 at ¶¶ 9B–9E; ECF No. 14 at pp. 32–40.) On August 25, 2017, a second notice of default was recorded, indicating Plaintiff was approximately $294,000 in arrears. (Id. at pp. 63–66.) Plaintiff's subsequent fourth and fifth bankruptcy actions were dismissed on procedural grounds. (See ECF No. 14 at pp. 71–74.) On November 22, 2019, a notice of trustee sale was recorded, indicating an arrears of approximately $745,000. (Id. at pp. 80–81.) The trustee sale is set for March 3, 2020. (ECF No. 16 at p. 15.)

---

[2] The facts herein are construed in the light most favorable to Plaintiff—the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). They derive from the complaint (ECF No. 9) as well as certain exhibits submitted by Plaintiff and Defendants. (See ECF Nos. 9-1 to 9-4, 14, and 16). The Court takes judicial notice of specific exhibits under Fed. R. Evid. 201(b). United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of court filings and other matters of public record appropriate); Gamboa v. Tr. Corps, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and are easily verifiable."). Plaintiff appears to assert a blanket challenge to all facts contained in these documents. (See ECF 19-1.) This challenge primarily rests on Plaintiff's assertions of (i) his novel monetary theory—which the Court finds implausible (see Section I.B.), and (ii) his 'expert' report that the signatures on the 2005 note could not be verified—which does not affect the remaining documents. The Court rejects Plaintiff's assertions as overbroad, conclusory, and unreasonable. Gonzalez v. J.P. Morgan Chase Bank N.A., 2020 WL 104994, at *2 (C.D. Cal. Jan. 9, 2020) ("[A] court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.") (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

**Procedural Posture**

In December of 2019, Plaintiff filed a Complaint in California state court against Caliber Loans and U.S. Bank (as trustee for the LSF9 Trust), alleging the following claims under California law: "Forged Altered and Stolen Note"; "Fraud in the Factum"; Violations of Cal. Civ. Code § 2924(a)(6) and Cal. Bus. Code § 17200; Quiet Title; Slander of Title; Cancellation of Instruments; and Declaratory Relief. (ECF No. 1–1.) On January 6, 2020, Plaintiff filed a substantially–similar First Amended Complaint ("1AC"), reasserting the above claims and adding a claim for "Breach of Fiduciary Responsibility of Securities Intermediary." (ECF No. 9.)

Defendants filed a motion to dismiss all claims with prejudice, setting it for a February 13, 2020 hearing. (ECF No. 13.) Plaintiff opposed, and also filed a motion for preliminary injunction, setting the latter for a February 20, 2020 hearing. (ECF Nos. 19, 16.)

**Parties' Arguments**

Defendants contend that, among other reasons, Plaintiff's 1AC fails because:

A. "Forgery" is not actionable as a civil claim, and even construing this claim as a "fraud" claim, it and the "fraud in the factum" claims are time barred;
B. Plaintiff has no standing to preemptively challenge the foreclosure sale under Section 2924(a)(6);
C. Plaintiff's attempt to rely on the California commercial code is misguided;
D. The "slander of title" claim fails because the challenged notices are privileged;
E. The Cal. Bus. Code § 17200 claim fails for lack of a predicate claim;
F. The cancellation claim fails on multiple grounds;
G. The claims for declaratory relief and quiet title fail with the above claims.

The heart of Plaintiff's arguments concern the 2005 loan documents as between him and Paul Financial. Plaintiff argues that these documents are missing terms (as he remembers them), that the signatures in these documents are not his, and that he (and not Paul Financial) was the true lender of his own loan. Thus, Plaintiff claims Defendants are relying on forged documents, do not hold a beneficial interest in the Property, violated securities law, and otherwise have no right to foreclose. Plaintiff also argues he is excused from the tender rule, and any statute of limitations should be tolled due to concealment. (ECF Nos. 9, 19.) Further, Plaintiff contends that since he is likely to succeed on his claims, Defendants should be enjoined from selling his home at a March 3 trustee sale. (ECF No. 16.)

**Legal Standard**

Rule 8(a)[3] requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction[4] . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

A motion to dismiss brought pursuant to Rule 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's failure to state a claim upon which relief can be granted. This dismissal generally encompasses two scenarios: where the complaint lacks a cognizable legal theory, or where it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

---

[3] Citations to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[4] The parties do not contest subject matter jurisdiction, but the Court has an independent duty to investigate it, regardless of whether the parties raised the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). Subject matter jurisdiction may be shown "either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)). Here, the 1AC asserts that the Court has jurisdiction over this matter because "it involves real property in the State of California . . . which is sufficient to establish 'minimum contacts' over the Defendants. Moreover, Defendants instituted foreclosure proceedings in California, thus creating a substantial connection with the Forum State. In addition, the amount in controversy exceeds the sum or value of $25,000." (ECF No. 9 at ¶ 5.) This is an incorrect assertion of jurisdiction. Federal subject matter jurisdiction typically arises under either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity). Jurisdiction by diversity exists when the parties are completely diverse and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Given Plaintiff's jurisdictional assertions, it is not clear from the face of the 1AC whether the Court has subject matter jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack . . ., the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction."). Given the inapposite assertions in the 1AC, the Court has looked elsewhere to inquire as to subject matter jurisdiction. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (the court "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment."). In the removal notice, Defendants contend Plaintiff is a citizen of California, Caliber is a citizen of Delaware and Texas, and U.S. Bank is a citizen of Delaware; corroborating documents are provided. (See ECF No. 1 at pp. 2–3.) Also, the Property's value exceeds $75,000. Thus, the Court has subject matter jurisdiction over this matter under § 1332.

When a court considers whether a complaint states a claim upon which relief may be granted, all well-pleaded factual allegations must be accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

**I.      Defendants' Motion to Dismiss**

Defendants' dismissal arguments are multifaceted: some are blanket assertions regarding all of Plaintiff's claims (tender, judicial estoppel), others are applicable to a group of claims (statute of limitations on the fraud claims), while others are specific to a particular cause of action. For economy, the Court addresses the issues dispositive of Plaintiff's claims.

///

///

### A. "Forgery" is not a civil tort, and the statute of limitations bars any fraud claims.

Plaintiff's first cause of action is labeled "forged, altered, and/or stolen note." However, as Defendants correctly aver, "there is no recognized civil cause of action for forgery." Kraif v. Guez, 2010 WL 11598067, at *2 (C.D. Cal. Aug. 11, 2010); see also Wutzke v. Bill Reid Painting Serv., Inc., 151 Cal. App. 3d 36, 41 (1984) ("[T]he act of forgery is not defined in the Commercial Code or otherwise for purposes of civil actions."); Vlasich v. Fishback, 2007 WL 2572111 (E.D. Cal. Sept. 5, 2007) ("While there exist penal code sections prohibiting forgery, a private right of action for violation of a criminal code section has rarely been implied and plaintiff has provided no authority for the proposition that he is entitled to sue civilly for the violation of any California penal code section governing forgery.").

Insomuch as Plaintiff intends his first cause of action to allege a claim for fraud, alongside his second cause of action (see ECF No. 9 at ¶¶ 14–23, 27), the Court finds numerous issues with these liberally–construed claims.[5] Primarily, because the claims sound in fraud, the Court finds them barred by the applicable statute of limitations—three years. Cal. Civ. Code § 338(d). Plaintiff appears to claim that he believed the 2005 loan agreement was for Paul Financial to lend Plaintiff money to put toward the Property, and that Paul Financial would not receive anything of monetary value in exchange (other than, the Court supposes, Plaintiff's promise to repay the loan). (See ECF No. 9 at p. 3.) Plaintiff then appears to allege that instead, Paul Financial took from Plaintiff a promissory note, which it received as a monetary asset, and which it deposited for value—thus violating the alleged terms. In this way, Plaintiff contends this 2005 transaction was a mere exchange of loans "offsetting each other"—that Paul Financial "did not really lend Plaintiff [] money" but instead gave Plaintiff his own money back. (Id. at pp. 9, 12.) Even

---

[5] Defendants also assert (i) Plaintiff failed to plead his fraud claim(s) with specificity under Rule 9(b); (ii) any wrongful–foreclosure claim is not yet ripe (since the trustee sale has yet to occur); and (iii) Plaintiff suffered no prejudice for Paul Financial's alleged 'non–loan' because Plaintiff paid on the mortgage for the first four years, then failed to pay on it for the next ten years. See, e.g., Cardenas v. Caliber Home Loans, Inc., 281 F. Supp. 3d 862, 872 (N.D. Cal. 2017) ("The weight of published California Court of Appeal decisions . . . holds that a borrower must allege prejudice beyond the foreclosure itself."). These arguments are well taken, but for purposes of judicial economy are not addressed under this first section.

accepting arguendo Plaintiff has provided sufficient detail under Rule 9(b) about Paul Financial's actions and representations after Plaintiff signed the loan agreement, this encounter occurred in 2005—almost fifteen years prior to the present lawsuit. See e.g., In re Asyst Techs., Inc. Derivative Litig., 2008 WL 2169021, at *6 (N.D. Cal. May 23, 2008) ("To the extent that Plaintiffs' complaint is based on allegations of fraud, the three year limitations period for fraud would apply [because] the limitations period begins to run when a claim accrues, which is normally at the time when the cause of action is complete with all its elements.") (citing City of Vista v. Robert Thomas Sec., Inc., 84 Cal. App. 4th 882, 889 (2000) (where gravamen of complaint is fraud, claims subject to three year statute of limitations)).

Plaintiff states, in a conclusory fashion, that he did not discover the misrepresentation until December 2017. (ECF No. 9 at p. 18, ¶ 32.) However, to take advantage of a discovery–tolling rule, "a plaintiff . . . must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005). Despite the Court's diligent inspection of Plaintiff's recitations in the 1AC and in his opposition brief, there are no facts to indicate how he allegedly discovered Paul Financial's actions. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (allowing courts to consider assertions in briefs when deciding whether leave to amend should be granted). Further, Plaintiff appears to have taken possession of the Property in 2005 and paid on the mortgage for years. Thus, his 2017 "discovery" appears linked to his conclusory legal arguments about the purported 'exchange of loans.' Plaintiff could have inquired into Paul Financial's alleged acts any time after the documents were signed in 2005, and a conclusory assertion that they were "concealed" is insufficient. See, e.g., Zamora v. Wells Fargo Bank, 2013 WL 2319079, at *5 (N.D. Cal. May 28, 2013) (finding three–year statute of limitations to apply to the plaintiff's misrepresentation claims, as plaintiffs "executed the Note and Deed of Trust in December of 2005, in reliance on the lender's alleged misrepresentations about the terms of their loan [and] did not file the lawsuit until [] 2012."); Dang v. First Horizon Home Loan Corp., 2012 WL 12878741, at *3 (S.D. Cal. Dec. 18, 2012) (same result).

Thus, Plaintiff's first and second claims should be dismissed with prejudice.

**B. Plaintiff lacks standing to preemptively challenge the foreclosure sale.**

Plaintiff's third cause of action is for an alleged violation of Cal. Civ. Code. § 2924(a)(6), which states in relevant part:

> An entity shall not record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.

Plaintiff argues that Defendants are neither the holder of the beneficial interest nor the original or substituted trustee or agent thereof. (ECF No. 9 at p. 19.) Plaintiff then repeats his assertions concerning the "forged" note and Paul Financial's alleged fraud (see Section I.A. above), alleges flaws in the chain of title, and concludes that Defendant U.S. Bank is not the trustee of the LSF9 Trust. As such, Plaintiff contends that the March 3, 2020 trustee sale should be enjoined. (See ECF No. 9 at ¶ 52, indicating the goal is "to Preemptively Challenge the Nonjudicial Foreclosure Sale"; see also ECF No. 16, requesting a preliminary injunction of the trustee sale based in part on Plaintiff's § 2924(a)(6) claim.) Defendants counter that Plaintiff lacks standing to challenge the trustee's authority to foreclose, relying on a long line of authority so holding. See, e.g., Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1155 (2011) ("[N]owhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action.").

Perhaps anticipating this line of reasoning, Plaintiff presents his legal arguments in his pleadings as to why he has standing to preemptively challenge the upcoming sale, relying on Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919, 928 (2016). Therein, the California Supreme Court held that a borrower has standing to challenge a void assignment in a wrongful–foreclosure action after the foreclosure sale has gone forward. Id. at 935 ("If a purported assignment necessary to the chain by which the foreclosing entity claims that power is absolutely void, meaning of no legal force or effect whatsoever, the foreclosing entity has acted without legal authority by pursuing a trustee's sale, and such an unauthorized sale constitutes a wrongful foreclosure."). This holding is because "[u]nlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire." Id. at 936; see also Petrovich v.

Ocwen Loan Servicing, LLC, 716 F. App'x 614, 616 (9th Cir. 2017) (recognizing California law that any challenge to a nonjudicial foreclosure based on ineffective assignment must be "void rather than merely voidable."). However, the Supreme Court in Yvanova explicitly left open the question of whether a borrower has standing to bring an action "to prevent a foreclosure sale from going forward." Id. at 934. Since then, California courts have interpreted the California Supreme Court's command in Yvanova and applied it to a variety of factual scenarios. See, e.g., Mendoza v. JPMorgan Chase Bank, N.A., 6 Cal. App. 5th 802 (2016) (analyzing whether a post-closing date transfer into a trust is void or voidable); Yhudai v. IMPAC Funding Corp., 1 Cal. App. 5th 1252, 1260 (2016) (same).

Seizing on Yvanova, Plaintiff alleges that he has standing to preemptively challenge the foreclosure sale because the 2005 loan documents as between he and Paul Financial are void due to fraud. See Rosenthal v. Great Western Fin. Securities Corp. 4 Cal. 4th 394 (1996) (finding that fraud in the "execution" or "inception" of a contract will render it void). However, as has been noted since Yvanova, this conferral of standing only arises after the property has been foreclosed upon and the sale has taken place. See Wasjutin v. Bank of Am., N.A., 732 F. App'x 513, 517 (9th Cir. 2018) ("Nothing about Yvanova suggests that, contrary to longstanding precedent on this point, California now allows an action for wrongful foreclosure before a foreclosure takes place); Yagman v. Nationstar Mortg., LLC, 699 F. App'x 634, 635 (9th Cir. 2017) (Yvanova provides no assistance to Yagman; his property has not been subject to a nonjudicial foreclosure. As we have in the past, we join the majority of courts that have declined to extend Yvanova."); Jean-Louis v. J.P. Morgan Chase Bank, N.A., 676 F. App'x 717, 718 (9th Cir. 2017) ("According to the complaint, Jean-Louis's property has not been subject to a nonjudicial foreclosure. For this reason, Yvanova is not applicable here."); see also Keshtgar v. U.S. Bank, N.A., 2016 WL 4183750, at *3 (Cal. Ct. App. Aug. 8, 2016) (unpublished) (finding, on remand from the California Supreme Court on the question of Yvanova's application to pre–foreclosure suits, that plaintiffs have no standing to bring a preemptive challenge to a trustee sale, and that "[i]n fact, Yvanova is quite careful to limit its holding to actions for wrongful foreclosure."). Here, since the trustee sale has yet to take place (See ECF No. 16, requesting an injunction to prevent the

1    trustee sale), Plaintiff has no standing under Yvanova, and so his attempt to challenge the trustee

2    sale under § 2924(a)(6) fails. Therefore, this claim should be dismissed.

3          Further, even if Plaintiff had standing under Yvanova, the Court finds Plaintiff's

4    allegations to fail as a matter of law, and so leave to amend should not be granted.

5          Primarily, Plaintiff claims standing because he challenges the 2005 loan documents as

6    void, per his "fraud in the inception" claim. To do so, Plaintiff again relies on his novel monetary

7    theory that Paul Financial "did not really lend Plaintiff [] money" but instead exchanged loans

8    with Plaintiff that "offset[] each other." (ECF No. 9 at p. 9; see also Id. at p. 10 ("Thus, Plaintiff

9    was far from getting a loan; he was making a deposit!").) The Court finds Plaintiff's assertion

10   concerning the 2005 documents—that he did not know the nature of the documents he was

11   signing (based on his 'newly–discovered' and novel arguments about monetary theory)—to be

12   implausible and based on conclusory assertions. See Paulsen, 559 F.3d at 1071. Both the

13   judicially–noticeable documents (see ECF No. 14 at Ex's. A, F) and Plaintiff's actions after

14   signing the loan demonstrate that he knew exactly what he was bargaining for—a residential

15   mortgage for the Property. See Iqbal, 556 U.S. at 678 (stating that plausibility means pleading

16   "factual content that allows the court to draw the *reasonable* inference that the defendant is liable

17   for the misconduct alleged.") (emphasis added).

18         Similarly, Plaintiff asserts the copy of the 2005 "Adjustable Rate Note" he received from

19   Defendant Caliber contains forgeries and is missing terms. (See ECF No. 9 at pp. 15–16, citing

20   9–1 at Ex. A). For support, he submits the report of a proposed expert who "could not verify the

21   signatures on this document." (See Id.) Plaintiff then concludes this Note is void. See Schiavon,

22   84 Cal. App. 4th at 378 ("A deed is void if the grantor's signature is forged or if the grantor is

23   unaware of the nature of what he or she is signing."). Again, however, the Court is not required

24   to accept Plaintiff's implausible and conclusory assertions when contradicted by other judicially–

25   noticeable documents. Paulsen, 559 F.3d at 1071. Specifically, the Court takes judicial notice of

26   the 2005 Deed of Trust (see ECF No. 14 at Ex. A), signed by Plaintiff and his wife. This

27   document lists Plaintiff and his wife as borrowers, Paul Financial as the Lender, and the loan

28   amount as Three–Hundred–Eighty–Five Thousand. (Id. at pp. 8–9.) Sometime after signing the

Deed, Plaintiff took possession of the Property and paid on the mortgage for at least the first few years.  (See ECF No. 14 at Ex. F.)  Thus, as Defendants suggest, "Plaintiff got what he bargained for[:] a loan to finance the purchase of the Property."  (ECF No. 13 at p. 22.)  See Iqbal, 556 U.S. at 678 (equating plausibility with *reasonable* inferences).

Insomuch as Plaintiff attempts to argue Paul Financial's concealed its (implausible) actions to induce Plaintiff to sign, this scenario would go to a purportedly voidable instrument.  See Schiavon v. Arnaudo Bros., 84 Cal. App. 4th 374, 378 (2000) ("A deed is void if the grantor's signature is forged or if the grantor is unaware of the nature of what he or she is signing.  A voidable deed, on the other hand, is one where the grantor is aware of what he or she is executing, but has been induced to do so through fraudulent misrepresentations.") (citations omitted).  Even if the Plaintiff had standing to challenge this note as voidable, the time to do so has long since passed, as the statute of limitations for this alleged fraud is three years.  Cal. Civ. Code § 338(d).  Thus, a challenge of this nature would fail as a matter of law.

Finally, as to Plaintiff's challenges to U.S. Bank's authority as Trustee for the LSF9 Trust due to chain of title defects, Plaintiff would clearly have no standing under Yvanova—even after foreclosure.  (See ECF No. 9 at ¶¶ 46–71.)  Under California law, a borrower cannot challenge defects in the chain of title because this would result in assertion of an interest "belonging solely to the parties to the assignment rather than to [him]self."  Yvanova, 62 Cal. 4th at 936; see also e.g., Farren v. Select Portfolio Servicing, Inc., 2016 WL 6896045, at *3 (E.D. Cal. Nov. 23, 2016) ("Whether or not Plaintiffs are correct that something was amiss in the belated transfer, Plaintiffs do not have standing to pursue relief on that basis.").

Because Plaintiff has failed to assert plausible facts to indicate that he has standing to challenge the foreclosure sale, Plaintiff's third cause of action should be dismissed.  Further, since his theories rely on implausible and conclusory factual assertions and are otherwise barred by the applicable case law, leave to amend should not be granted.

///

///

///

### C. The original lender was not a "securities intermediary."

Plaintiff's fourth cause of action is for "Breach of Fiduciary Responsibility of Securities Intermediary." (ECF No. 9 at pp. 26–28.) Plaintiff bases this claim on California's UCC Section 8511(a), which states:

> [I]f a securities intermediary does not have sufficient interests in a particular financial asset to satisfy both its obligations to entitlement holders [and] a creditor of the securities intermediary . . ., the claims of entitlement holders . . . have priority over the claim of the creditor."

Cal. Com. Code § 8511(a).

In the 1AC, Plaintiff labels himself an "entitlement holder," labels Defendants as creditors, and labels Paul Financial as a securities intermediary. (Id. at ¶¶ 74–75.) Thus, Plaintiff argues his claim has priority over the claims of Defendants. (Id. at ¶ 73.) He bases these arguments on the same facts alleged in his fraud claims—that Paul Financial "did not really lend Plaintiff [] money" but gave Plaintiff his own money back. (Id. at pp. 9, 12.) The Court sees multiple problems here. First, as discussed in Section I.B. above, the Court has already rejected Plaintiff's allegations concerning the 2005 loan on the basis that it is not required to accept implausible facts or conclusory assertions styled as facts. Under federal pleading standards, the mere fact that Plaintiff assigns labels to the parties does not make it so. See Paulsen, 559 F.3d at 1071 (the court can reject conclusory allegations in the pleadings). Second, as Defendants correctly aver, the Commercial Code defines a securities intermediary as either (a) a clearing corporation or (b) "[a] person, including a bank or broker, that in the ordinary course of its business maintains securities accounts for *others* and is acting in that capacity." Cal. Comm. Code § 8102(a)(14) (emphasis added). Thus, by the plain text of the definition, Paul Financial was not a "securities intermediary" because it received Plaintiff's promise to pay in order to secure—for itself and not *others*—the loan on the property. See Pacific Gas and Elec. Co. v. County of Stanislaus, 16 Cal.4th 1143, 1152 (1997) ("The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. Ordinarily, the words of the statute provide the most reliable indication of legislative intent.") The official comment to § 8102 supports this analysis:

> A bank that maintains securities accounts for its customers would be a securities intermediary with respect to those accounts; but if it takes a pledge of securities from a borrower to secure a loan, it is not thereby acting as a securities intermediary with respect to the pledged securities, since it holds them for its own account rather than for a customer.

For these reasons,[6] Plaintiff's reliance on § 8511 is inapposite, leading the Court to conclude that the fourth cause of action should be dismissed with prejudice.

### D. The documents at issue in the claim for slander of title are privileged.

Plaintiff's seventh cause of action is for "Slander of Title." (ECF No. 9 at pp. 30–31.) In the 1AC, Plaintiff asserts Defendants have harmed him by casting doubt about his ownership of the Property by recording "a fraudulent and invalid" notice of deed and notice of trustee sale. (Id. at ¶ 100.) Plaintiff then reasserts facts concerning the 2005 loan, as discussed in Sections I.B. above, and claims Defendants knew or should have known of this alleged fraud. (Id. at ¶ 104.)

"The recordation of an instrument facially valid but without underlying merit will give rise to an action for slander of title." Stamas v. County of Madera, 2011 WL 2433633, at *14 (E.D. Cal. June 14, 2011). To state a claim for slander of title, a plaintiff must allege "(1) a publication, (2) which is without privilege or justification," (3) which is false, and (4) which "causes direct and immediate pecuniary loss." Schep v. Capital One, N.A., 12 Cal. App. 5th 1331, 1336 (2017).

To the extent that Plaintiff's slander of title claim is based on the same set of facts relied upon in his fraud causes of action, Plaintiff fails to show the "falsity" of Defendants' notices and assignment documents—the third element of a slander of title claim. See, e.g., Nguyen v. Bank of America Nat. Ass'n, 2011 WL 5574917 at *7 (N.D. Cal 2011) (citing Manhattan Loft, LLC v. Mercury Liquors, Inc., 173 Cal. App. 4th 1040, 1051 (2009). Additionally, as Defendants correctly note, the notice of sale and notice of default (i.e. the documents underlying his claim) are privileged under California Civil Code § 47. See Schep, 12 Cal. App. 5th at 1336. Thus,

---

[6] Defendants raise additional arguments as to why California Commercial Code § 8511 does not fit Plaintiff's factual allegations here. (See ECF No. 13 at p. 17). These arguments are well taken, but for purposes of judicial economy are not discussed in these findings and recommendations.

13

Plaintiff's seventh cause of action should be dismissed with prejudice.

### E. Plaintiff's rescission claim fails on multiple grounds.

Plaintiff's eighth cause of action is styled "Cancellation of Instruments," and alleges the notice of default and notice of trustee sale "have been executed and recorded fraudulently." (ECF No. 9 at ¶ 109.) Plaintiff then cites to ¶ 9 of the 1AC, which is his recital of the events surrounding the 2005 loan and deed and each subsequent assignment. (Id.)

Under California law, "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. "Cancellation of an instrument is essentially a request for rescission[.]" Deutsche Bank Nat'l Tr. Co. v. Pyle, 13 Cal. App. 5th 513, 523 (2017).

As discussed above, Plaintiff's fraud claims fail, as he failed to allege plausible facts concerning the 2005 loan documents (See Section I.B. above.). See Cal. Civ. Code. § 1689. Further, these acts took place well beyond the statute of limitations. Ghalehtak v. Fay Servicing, LLC, 304 F. Supp. 3d 877, 889–90 (N.D. Cal. 2018), aff'd, 765 F. App'x 168 (9th Cir. 2019) ("Plaintiffs executed the Deed of Trust . . . ten years ago[.] Because a claim to cancel a written instrument has a statute of limitations of three to four years depending on whether fraudulent conduct or mistake is alleged, Plaintiffs are barred from pursuing this claim and it is dismissed with prejudice."). Finally, Plaintiff has not alleged, and the judicially–noticeable documents do not indicate (see, generally, ECF Nos. 9, 14), that Plaintiff has restored everything of value. Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc., 121 Cal. App. 3d 447, 457 (1981) ("[T]o state a claim pursuant to Civil Code § 3412, plaintiff must allege that [among other things, he] has restored everything of value received from the loan transaction."). For these reasons, Plaintiff's eighth cause of action should be dismissed with prejudice.

### F. Plaintiff's claim for unfair business practices fails for lack of an underlying violation.

California's unfair competition law prohibits "unlawful, unfair[,] or fraudulent" business acts or practices. See Cal. Bus. & Prof. Code §§ 17200, et seq.; Korea Supply Co. v. Lockheed

Martin Corp., 29 Cal. 4th 1134, 1143–44 (2003) (describing how § 17200 covers a "wide range of conduct" and embraces "anything that can properly be called a business practice and that at the same time is forbidden by law."). "The UCL's 'unlawful' prong looks to other sources of substantive law . . . borrow[ing] violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Beaver v. Tarsadia Hotels, 816 F.3d 1170, 1177 (9th Cir. 2016).

Here, Plaintiff's ninth cause of action under the UCL alleges Defendants committed unlawful acts "[b]y recording the [notice of default] and [notice of trustee sale] in violation of California Civil Code § 2924(a)(6)." (ECF No. 9 at ¶ 116.) Defendant counters that because Plaintiff's claim is predicated on the same facts as his fraud claims (See Section I.A. and B. above), his UCL claim likewise fails. The Court agrees. A plaintiff who "cannot state a claim under the 'borrowed' law . . . cannot state a UCL claim either." Lopez v. Stages of Beauty, LLC, 307 F. Supp. 3d 1058, 1070 (S.D. Cal. 2018). Thus, Plaintiff's claim under the unlawful prong fails, and so his ninth cause of action should be dismissed with prejudice.

### G. Plaintiff's declaratory relief and quiet title claims correspondingly fail.

Plaintiff's fifth and sixth causes of action are styled "Declaratory Relief" and "Quiet Title." In each, Plaintiff essentially seeks an order stating that he is the rightful owner of the Property. (ECF No. 9 at pp. 29–30.) However, as described in these findings and recommendations, there is no controversy on which to base such an order, as Plaintiff's fraud and other claims fail as a matter of law. Thus, neither declaratory relief nor quiet title can be had. Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 840 (9th Cir. 2017) ("To determine whether a suit exclusively seeks declaratory relief, we ask whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case.); see also Wallace v. Nationstar Mortg. LLC, 2019 WL 1382499, at *5 (E.D. Cal. Mar. 27, 2019) (dismissing plaintiff's "declaratory relief claim [as] duplicative of the relief sought by her other claims.").

Further, as to the claim for quiet title, "[a] basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, i.e. that they have satisfied

their obligations under the deed of trust." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 975–76 (N.D. Cal. 2010) (citing Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee.")). The judicially–noticeable documents indicate Plaintiff has not met his obligations. (See ECF No. 14.) Thus, his claim for quiet title fails under settled California law and should be dismissed with prejudice. Rosenfeld, 732 F. Supp. 2d at 975–76; Miller, 26 Cal. App. 4th at 1707.

## II. Plaintiff's Motion for a Preliminary Injunction

After Plaintiff filed his 1AC and Defendants moved to dismiss, Plaintiff filed a motion for preliminary injunction. (ECF No. 16.)

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008). To prevail on a motion for a preliminary injunction, a plaintiff must show that: "(1) he is likely to succeed on the merits on his state or federal claims; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) a preliminary injunction is in the public interest." Cuviello v. City of Vallejo, 944 F.3d 816, 825 (9th Cir. 2019). "Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, we need not consider the other factors." Edge v. City of Everett, 929 F.3d 657, 663 (9th Cir. 2019).

In his motion, Plaintiff states that a trustee sale is set for March 3, 2020, and that he will suffer irreparable harm if he loses title and possession of the Property. (ECF No. 16 at ¶ 13.) However, as the Court has just concluded its review of Plaintiff's claims and recommends dismissal with prejudice, Plaintiff's injunction motion should be denied. Edge, 929 F.3d at 663.

## **ORDER**

In light of these recommendations, IT IS HEREBY ORDERED that:

1. The Court takes Defendants' motion to dismiss (ECF No. 13) and Plaintiff's motion for preliminary injunction (ECF No. 16) under submission per Local Rule 230(g), and VACATES the hearings set for February 13, 2020, and February 20, 2020; and

2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and filings until the findings and recommendations are resolved.

**RECOMMENDATIONS**

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 13) should be GRANTED, and Plaintiff's first through ninth causes of action should be DISMISSED WITH PREJUDICE;
2. Plaintiff's motion for a preliminary injunction (ECF No. 16) should be DENIED; and
3. The Clerk of the Court should be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 31, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

matt.2463